Matter of S.P.J. (2005 NY Slip Op 50328(U))

[*1]

Matter of S.P.J.

2005 NY Slip Op 50328(U)

Decided on March 10, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2005

Family Court, Nassau County
In the Matter of S.P.J., a Person Alleged to be a Juvenile Delinquent, Respondent.
D-XXX

Richard S. Lawrence, J.
Respondent moves this Court by way of notice of motion to vacate the affirmative finding dated January 22, 2004, and seeks a new fact finding hearing.
Respondent seeks to vacate the affirmative finding pursuant to Family Court Act § 351.1 However, that section deals with "Probation, investigation and diagnostic assessment"and is inapplicable to the instant motion. In the affirmation attached to the motion, counsel for the Respondent argues that the affirmative finding should be vacated based upon newly discovered evidence.
Initially, the Court would like to make clear that it has the utmost respect for both counsel for the Respondent as well as counsel for the Presentment Agency, and that the Court does not believe that either side has conducted itself in any manner other than professionally. The Court does not believe that the Presentment Agency has done anything improper and does not believe that counsel for the Respondent has acted frivolously.
The factual argument made is that a report from the "SCAN Clinic," performed within days of the incident, was negative. That report was somehow "lost," and two weeks after the incident the Presentment Agency ordered a "Second SCAN Clinic" report that positively reported that sexual abuse took place.
In Criminal Procedure Law (hereinafter CPL) § 440.10, a (respondent) may move to vacate a judgment upon several grounds. Subsection 1 (g) provides as follows:

New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not be produced by the (respondent) at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at trial the verdict would be more favorable the (respondent). . .
Respondent herein argues that the first "SCAN" report was missing at the time of trial, and because this report contradicts the second report that was introduced into evidence, it is probable that the outcome of the "verdict" would have been in favor of the Respondent had the first report been admitted into evidence. In this Court's opinion, it is uncertain that the first [*2]"SCAN" report was actually missing at the time of trial due to the fact that it was attached to the Court's copy of the petition and was found by the Respondent's mother when she reviewed the Court's docket.
Even if the first report was actually missing at the time of trial, however, it would not effect the outcome of the fact finding phase of these proceedings.
If, as argued by the Respondent, the first report was a "SCAN" report that was "negative" and showed no signs of "trauma;" and the Presentment Agency "lost" that report and two weeks later sent the victim for a second, identical test that returned a "positive" report, clearly this would be unduly prejudicial and might result in the affirmative finding against the Respondent being vacated.
These facts as argued by the Respondent, however, are not accurate. The initial report, which may or may not have been missing at the time of trial, which has been repeatedly referred to as a "SCAN" report is in fact a "Police Department, County of Nassau, New York, Scientific
Investigation Bureau Receipt/Report." The entire result of this first Police Department report was that a particular "antigen" (P 30) was not present. This report did not report or determine one way or the other any possible trauma or other evidence of sexual contact.
The second report, which was available at the time of trial and placed into evidence, was in fact a true "SCAN" report. The results presented in that report were that there was evidence of prior physical trauma. That report is not in conflict with the original report; it merely gives different information.
The fact that the two reports give different information does not make them mutually exclusive, nor does the discrepancy of information create any undue prejudice. Furthermore, the fact that one of these reports may not have been available at the time of the trial does not require this Court to vacate the affirmative finding. There is no showing that the original report would have caused this Court to make any other finding in this matter.
In addition, it is important to note that the affirmative finding against the Respondent was not based solely on the "second SCAN" report. Rather the Court gave great weight to the testimony of the victim and his mother who both testified in an extremely credible manner.
The Court finds that there was no newly discovered evidence and that even if the "original SCAN" report was missing at the time of trial, its presence does not create the probability that the verdict would have been more favorable to the Respondent.
Based upon the foregoing, the motion to vacate the affirmative finding is denied in all respects, and the matter is adjourned for a conference on March 21, 2005 at 9:00 a.m.
This constitutes the Decision and Order of this Court upon the motion.
[*3]
Dated: Westbury, New York
 March 10, 2005E N T E R:
________________________________
Hon. Richard S. Lawrence, J.F.C.
Pursuant to Section 1113 if the Family Court Act, an appeal from this order must be taken within 30 days of receipt of the order by appellant in Court, 35 days from the date of mailing by the Clerk of the Court, or 30 days after service by a party or the law guardian upon the appellant, whichever is earliest.
Check applicable box:
 Order mailed on [specify date(s) and to whom mailed]: / 
 Order received in Court on [specify date(s) and to whom given]: /